IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| LEOVANNY ANDUJAR<br><br>    Plaintiff,<br><br>vs.<br><br>CKC FAMILY INVESTMENTS, INC., a Florida Corporation dba BUDGET BLINDS OF NAPLES, and COLE CARUSO, Individually,<br><br>    Defendants. | Case No.: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, LEOVANNY ANDUJAR ("Mr. Andujar," or "Plaintiff") sues Defendants, CKC FAMILY INVESTMENTS, INC. dba BUDGET BLINDS OF NAPLES ("BUDGET BLINDS"), and COLE CARUSO, individually ("Mr. Caruso") (collectively "Defendants"), and states:

## NATURE OF ACTION

1. This action is for unpaid overtime compensation arising under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

## PARTIES

2. At all times material hereto, Plaintiff was a resident of Lee County, Florida, in the Middle District of Florida.

3. CKC FAMILY INVESTMENTS, INC. was, and continues to be, a Florida Corporation, engaged in the transaction of business in Lee County, Florida,

with its principal place of business located at 27054 Serrano Way, Bonita Springs, FL 34135.

4. Defendant, Mr. Cole Caruso was, at all times material, the owner and Manager of CKC FAMILY INVESTMENTS, INC. Upon information and belief, Mr. Cole Caruso is a resident of Lee County, Florida.

## JURISDICTION AND VENUE

5. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 216(b). Thus, the Court has subject matter jurisdiction under 28 U.S.C. §1331.

6. Defendants are engaged in the business of installing window blinds, shades, shutters, and drapes in Lee and Collier Counties. Defendants' business activities within this judicial district are substantial and not isolated.

7. The Middle District of Florida is the proper venue for this action because the events giving rise to the claim occurred in the judicial district.

## FLSA COVERAGE

**Enterprise Coverage**

8. At all times material to this action, within the meaning of the FLSA, Defendants were Plaintiff's "employer" and Plaintiff was an "employee" of Defendants.

9. At all times material, Defendants employed at least two or more employees who handled, sold, or otherwise worked with goods or materials moved through interstate commerce, including, but not limited to, blinds, shades, shutters, tools, equipment, and supplies, which were used directly in furtherance of Defendants' commercial activities.

10. At all times material, Defendants had gross sales volume of at least $500,000.00 annually.

11. At all times material, Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

**Individual Coverage**

12. The FLSA individually covers Plaintiff because he was "engaged in commerce." Specifically, a substantial portion of Plaintiff's duties required communication with out of state customers, vendors, and suppliers. Plaintiff also regularly and recurrently used goods that traveled through interstate commerce to perform his work.

13. At all times material hereto, the work performed by the Plaintiff was essential to the business conducted by Defendants.

**Individual Liability – Defendant Mr. Cole Caruso**

14. At all times material hereto, Defendant Cole Caruso was the Owner/Manager of CKC FAMILY INVESTMENTS, INC.

15. At all times material, Defendant Caruso regularly held and/or exercised the authority to hire and fire employees, to determine the work schedules for the employees, and to control the finances and operations of CKC FAMILY INVESTMENTS, INC.

16. By virtue of having held and/or exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control

the finances and operations of CKC FAMILY INVESTMENTS, INC., Defendant Caruso is an employer as defined by 29 U.S.C. § 201, et. seq.

## STATEMENT OF CLAIM

### COUNT I
### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

17. Plaintiff, Mr. Andujar, realleges Paragraphs 1 through 16 as if fully stated herein.

18. Plaintiff worked for Defendants as an "Installer". His primary duties were to install new blinds, shades, shutters, and drapes on customer's windows.

19. Defendants initially hired Plaintiff on or around September 26, 2022. Plaintiff continued to work for Defendants until approximately January 11, 2023.

20. From September 26, 2023, until January 11, 2023, Defendant paid Plaintiff on a hourly basis.

21. At all times material, Plaintiff's regular work schedule was five days per week from approximately 8:00 a.m. until 5:00 p.m. Plaintiff regularly worked approximately 45-50 hours per week.

22. Beginning at the time Plaintiff was hired and continuing through present, Plaintiff worked hours and work weeks in excess of forty (40) hours per week for which he was not compensated at the statutory rate of time and one-half the regular rate for all hours actually worked.

23. Plaintiff is entitled to be paid at the rate of time and one-half his regular hourly rate for all hours worked in excess of the maximum hours provided for in the FLSA.

24. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

25. Defendants' actions in failing to pay Plaintiff unpaid overtime were unreasonable, willful, and in bad faith.

26. Pursuant to 29 U.S.C. 216 (b), Plaintiff is entitled to recover unpaid overtime compensation plus liquidated damages in an equal amount.

WHEREFORE, Plaintiff, LEOVANNY ANDUJAR, respectfully requests the following relief:

    a. A declaration that Defendants have violated the overtime provisions of 29 U.S.C. § 207,

    b. Unpaid overtime compensation,

    c. Liquidated damages,

    d. Attorney fees and costs pursuant to 29 U.S.C. § 216(b), and

    e. Any other relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right.

Dated: March 3, 2023

                                    Respectfully submitted,

/s/ Jason L. Gunter
Jason L. Gunter
Fla. Bar No. 0134694
Email: Jason@GunterFirm.com
Conor P. Foley
Fla. Bar No. 111977
Email: Conor@GunterFirm.com
Adam C.R. Heisner
Fla. Bar No. 124727
Email: Adam@GunterFirm.com

**GUNTERFIRM**
1514 Broadway, Suite 101
Fort Myers, FL 33901
Tel: 239.334.7017

6